270 November 29, 2023 No. 612

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. M.-S.,
aka J. G., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. T. G.,
aka L. G., aka L. T. G.,
aka L. T. S., aka L. S.-G.,
*Appellant.*

Multnomah County Circuit Court
22JU04321; A181083

Patrick W. Henry, Judge.

Submitted October 23, 2023.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Mother appeals from a judgment terminating her parental rights in her absence. She contends that her counsel was inadequate for failing to move for a continuance based on mother's absence and for failing to argue that the court should not proceed in mother's absence and that counsel's failures denied her a fair trial. Because the record does not support mother's arguments, we affirm the juvenile court's judgment.[1]

When reviewing an inadequate-assistance claim, we look at the totality of the circumstances to determine whether the claimant "was denied a fair trial" because of the alleged inadequacies or failures, including tactical decisions that counsel "could have made" or "should have made better." *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 191, 796 P2d 1193 (1990). In doing so, we consider whether the record is sufficient for us to resolve the claim. *Dept. of Human Services v. T. L.*, 358 Or 679, 703-04, 369 P3d 1159 (2016). As described below, the record here is sufficient to do so, and we can discern no reason to remand for an evidentiary hearing as provided in *T. L. See id*.

Mother challenges the assistance she received in the context of a trial to terminate her parental rights (TPR) to her child, J.[2] At the end of the initial hearing on the TPR petition, the juvenile court issued a written order setting dates for a pretrial hearing, a call hearing, and TPR trial. That order required mother to "appear in person" at each of those proceedings and stated that if she failed to appear, the court could, "without further notice" and "in [her] absence," "immediately terminate" her parental rights, and that it was mother's responsibility to keep trial counsel advised of her whereabouts. *See* ORS 419B.819(7) (so providing). Mother "acknowledge[ed]" in writing that she "recei[ved] a copy" of the order.

Mother appeared at the pretrial hearing but failed to appear for the call hearing. Trial counsel asked the court to postpone "until Monday to allow [mother] a little bit more

---

[1] Mother does not otherwise challenge the judgment terminating her parental rights beyond her inadequate-assistance claim.

[2] DHS alleged that mother was unfit, ORS 419B.504, and neglected J's needs, ORS 419B.506.

time because of her being homeless." The court granted that request. That same afternoon, the court issued a written order finding that "[m]other appeared remotely after going to the wrong courthouse" and "was admonished" about her "required appearance at the [TPR] trial and the consequences if she were to not appear."

On the day set for the TPR trial, which was the Monday following the call hearing, mother was not present at the 9:00 a.m. start time. Trial counsel asked the court to wait a few minutes to give mother a bit more time to arrive and confirmed that he had not been in contact with mother that morning. At 9:17 a.m., the court decided to allow DHS to proceed in mother's absence. Trial counsel did not object and stated, "I asked [the court's] staff" to check and they reported that no one "with mother's description" had entered the courtroom. As authorized by the court, DHS presented a *prima facie* case. The court granted DHS's TPR petition, observing that it was 10:06 a.m., "over an hour" after the TPR trial had been set to begin, and mother was still absent.

On appeal, mother argues that trial counsel was inadequate, first for failing to move for a continuance based on mother's absence, and second for failing to argue that the court should decline to proceed with the TPR trial in her absence. In a combined argument, mother contends that the record shows that trial counsel knew that she wanted to contest the TPR petition and that she struggled with getting to the courthouse because she was experiencing homelessness. She further argues that the record establishes that those failures prejudiced her by denying her a fair trial. Particularly, mother argues that counsel's failures deprived her of specific statutory rights, including the right to participate in the trial and to contest the TPR petition. Based on those arguments, mother asks us to reverse the TPR judgment and remand for a new trial. We decline to do so because the record does not demonstrate that counsel had any legal or factual basis on which to seek a continuance and, thus, mother has not established that she was denied adequate assistance or suffered prejudice.[3]

---

[3] A month after filing this appeal, mother moved the juvenile court to set aside the termination judgment. The court denied that motion in a written order that included findings about the circumstances of mother's absence at the TPR

A parent seeking relief on the basis that inadequacy of counsel rendered the parent's trial fundamentally unfair "must show not only that trial counsel was inadequate, but also that the inadequacy prejudiced the parent's rights." *T. L.*, 358 Or at 702. To find that trial counsel was inadequate, we must "affirmatively find[] that *no* adequate counsel" would have acted as the counsel did "under the circumstances" and that the counsel's actions or lack thereof "reflected an absence or suspension of professional skill and judgment." *Geist*, 310 Or at 190-91 (emphasis in original).

Here, the record does not support such a determination in this case. As an initial matter, it is undisputed that the information known to counsel at the relevant time was that mother had received notice of the date and place of the TPR trial, was aware of the consequences of her absence, and had been admonished of those consequences four days before trial. Further, though counsel was aware that mother was experiencing houselessness, counsel was unaware of the specific reason for mother's absence at the TPR trial, had no information about her whereabouts, and so had no basis for asserting good cause as a basis for a continuance or for asking the court not to proceed in mother's absence. Under those circumstances, we cannot find that "*no* adequate counsel" would have proceeded in the same manner. *Geist*, 310 Or at 190. This conclusion obviates the need to address mother's prejudice argument.

Affirmed.

---

trial. That order is not part of the record of this appeal and none of its findings impacts the facts known to trial counsel at the relevant time. Hence, nothing in that order affects our review of the tactical decisions that counsel "could have made" or "should have made" under the circumstances. *Geist*, 310 Or at 191.